# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeal of William and }
Dawn Superneau }
} Docket No. 136-8-01 Vtec
}
}

## Decision and Order

Appellants William and Dawn Superneau appealed from Condition 7 of the July 23, 2001 decision of the Development Review Board (DRB) of the Town of Fairfax, approving a two-lot subdivision.

Appellants are represented by Daniel S. Triggs, Esq.; the Town of Fairfax is represented by Charles F. Storrow, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties made oral argument on the record at the close of the evidence and before the site visit. Upon consideration of the evidence, the site visit, and the arguments of the parties, the Court finds and concludes as follows.

Appellants own a 32-acre parcel of land in the Agricultural/Forest Resource zoning district, on the south side of Buck Hollow Road, with frontage of 239.75 feet. Their house is located approximately a thousand feet back from the road. Their driveway runs roughly parallel to their westerly property line and approximately 25 feet from that line, with an existing curb cut onto the road. The traveled portion of their driveway is approximately ten to twelve feet wide. A short but sharp rise in the road occurs proceeding easterly on Buck Hollow Road just before reaching Appellants' property. At the location of Appellants' existing curb cut, a driver has good visibility of traffic on Buck Hollow Road, and traffic on Buck Hollow Road has good visibility of Appellants' existing curb cut.

Appellants propose to create a new 1.16-acre house lot (Lot 2) with 182 feet of frontage on Buck Hollow Road. As part of their remaining lot (Lot 1) they propose to retain a 50-foot-wide strip running along their westerly boundary, to provide access to their remaining lands. This 50-foot-wide strip is proposed to have access onto Buck Hollow Road in an oblique 57.75-foot length of frontage on Buck Hollow Road containing Appellants' existing curb cut and driveway.

Appellants propose to create a 50-foot-wide private right-of-way approximately 444 feet in length, located with half its width on the westerly border of Lot 2, and half its width within the 50-foot-wide strip retained with Lot 1, so that Lot 2 will have 244 feet of frontage on the private right-of-way, and Lot 1 will have 200 feet of frontage on the private right-of-way. This layout assures that both lots will meet the frontage requirements of § 3.3(D) of the Zoning Bylaws. Appellants propose to provide a septic field for Lot 2 on Lot 1, and to restrict a 1.11-acre portion

of Lot 1 from future development to meet the density requirements as provided in § 6.7 of the Zoning Bylaws.

However, Appellants proposed to provide access onto Lot 2 from a second driveway on Buck Hollow Road, located 130 feet to the east of Appellants' existing curb cut, rather than from the right-of-way running along the westerly side of Lot 2. This access was denied by the DRB and is the sole aspect of the subdivision on appeal in the present case.

The location proposed for the access onto Lot 2 on the sketch plan shown as Exhibit D is in an unsafe location compared to a location at or near the existing curb cut, as it is not possible from that location to see cars hidden in the dip in the road just to the west of Appellants' property, nor vice versa. At trial, Mr. Superneau testified that he recognized this safety issue, and now requests locating the driveway for Lot 2 farther to the west, near the driveway for Lot 1. However, he opposes having the driveway be a " shared" driveway and stated that it is unnecessary for the driveway to be shared. He stated that the road commissioner " okayed" the second curb cut, but did not produce a curb cut permit for it, which must be issued by the Selectboard.

Among the Transportation Policies in the Town Plan is to " [r]educe the potential for curb cuts and strip development along existing roads by permitting PUD' s and PRD' s in a variety of zones, and by permitting shared drives." 1998-2003 Town Plan at p. 73. The standards in Appendix A of the Subdivision Regulations are required for private roads serving more than three lots, and may be applied to private driveways serving three or fewer lots if " necessary to provide suitable access." Under Subsection C of the standards in § 1.0 of Appendix A, the DRB encourages and may require shared access. Thus, shared drives are at least encouraged and may be required. In the present case, all that is " necessary to provide suitable access" is a single curb cut onto Buck Hollow Road, as multiple curb cuts are not safe in that location. A "shared drive" beyond the curb cut is not required.

Appellants are not required to create shared property rights in the driveways to serve Lots 1 and 2; they are merely required to have the driveways for Lots 1 and 2 use a single curb cut onto Buck Hollow Road. Depending upon what has already been approved in their existing curb cut permit from the Selectboard for the existing driveway, which was not put into evidence, they may be able to widen that curb cut to allow the passage of a driveway to Lot 2 as well as the existing driveway to Lot 1. That is, the traveled portion of the driveway at the curb cut may be made wide enough so that the driveway to Lot 1 is located entirely on the portion of the right-of-way passing over Lot 1 property, and so that the driveway to Lot 2 is located entirely on the portion of the right-of-way passing over Lot 2 property. Appellants are free to redesign the driveway for Lot 2 and the throat of the driveway for Lot 1 to achieve this result, and to submit the redesign to the DRB.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the proposed second curb cut onto Lot 2, located 130 feet to the east of Appellants' existing curb cut, is denied for reasons of traffic safety. Appellants are required to use a single curb cut for the outlet of the driveways onto Lot 1 and Lot 2; but may redesign the driveways to Lot 1 and Lot 2 so that they each travel from the single curb cut only across each respective lot. This decision and order concludes this appeal.

Dated at Barre, Vermont, this 19th day of February, 2002.


_____
Merideth Wright
Environmental Judge